**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DWAYNE K. WILSON,

    Plaintiff,

-vs-                                              Case No. 8:05-CV-658-T-30MAP

CAL HENDERSON, et al.,

    Defendants.
_____/

**ORDER**

Plaintiff, a pretrial detainee[1] held in the Hillsborough County Jail (hereinafter "HCJ"), Tampa, Florida proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1) and a request for leave to proceed *in forma pauperis* (Dkt. 2). Plaintiff has also filed a Motion for Entry of a Written Court Order for Pro Se Status (Dkt. 4). Plaintiff names Hillsborough County Sheriff Cal Henderson, and Deputies Pamela L. Whetstone and John Conroy as Defendants. The Court finds, for reasons set forth *infra*, that the complaint should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[1] The Court takes judicial notice of information available on the Arrest Inquiry database maintained by the Hillsborough County Sheriff's Office, http://www.hcso.tampa.fl.us/, viewed on July 16, 2005, which provides arrest and booking information. *See* Fed. R. Evid. 201. The information is not relied upon to determine Plaintiffs' criminal records, but rather to confirm information provided in the complaint. Plaintiff was arrested on March 6, 2002 on charges of armed kidnaping, sexual battery with the victim being greater than 12 years of age (2 counts), robbery with a firearm, unlawful sexual activity with a minor, Case No. 02-CF-03590. He was charged with escape while transporting on June 10, 2002, Case No. 02-CF-09443.

**Standard of Review**

The Prison Litigation Reform Act of 1995, Title VIII, Section 803(d), Suits by Prisoners (hereinafter "PLRA"), which significantly altered the processing of *in forma pauperis* and prisoner litigation, applies in the present case because Plaintiff filed his complaint after the PLRA's effective date of April 26, 1996. *See Booth v. C.O. Churner*, 532 U.S. 731, 736 (2001)*;   Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998).  Because Plaintiff filed this action against governmental employees while he was a prisoner, the Court is required to screen his action under 28 U.S.C. § 1915A(b).

Section 1915A, an entirely new provision created by the PLRA, provides that: "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . .  On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a) and (b)(1)-(2).  Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $250.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir.

1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). A complaint should not be dismissed for failing to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Harris v. Proctor & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996) (quoting *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977)). The plaintiff is not required to set forth all the facts upon which the claim is based, but only provide a short and plain statement sufficient to provide the defendants with fair notice of the nature of the claim. *Id.*

The Court construes the complaint in the light most favorable to the plaintiff and its allegations are taken as true. *See Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999). While courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductive therefrom, they need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party. *Ellen S. v. The Fla. Bd. of Bar Exam'rs*, 859 F.Supp. 1489, 1492 (S.D. Fla. 1994). *See also Marsh V. Butler County, Alabama*, 268 F.3d 1014, 1036 (11th Cir. 2001) (finding that "[i]n the light of the usual pleading requirements of Fed. R. Civ. P. 8(a), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." (citation omitted)); *Mass. School of Law v. American Bar,* 142 F.3d 26, 40 (1st Cir.1998) (holding that a court need not "swallow plaintiff's invective hook, line and sinker; bald assertions unsupportable conclusions, periphrastic

circumlocutions, and the like need not be credited"). Courts may consider allegations contained in the complaint and any exhibits attached thereto. Fed. R. Civ. P. 10.

It is only when the facts alleged, if proven, will not justify recovery that an order of dismissal under § 1915A(b) is warranted. In the case of a *pro se* action, the Court should construe the complaint more liberally than it would formal pleadings drafted by lawyers. *See Tannenbaum v. United States,* 148 F.3d 1262 (11th Cir. 1998).

**Background**

Plaintiff is currently incarcerated in the Orient Road Jail, Tampa, Florida, awaiting disposition of an escape charge (Dkt. 1 at 1, Ex. A at 3). The incident which gives rise to the charge occurred on June 10, 2002. Plaintiff asserts that "Defendant's [sic] acts and or omission as described herein violated the U.S. Constitution, Due Process, Equal Protection, 8th Amendments [sic] protection against cruel [and] unusual punishments [sic], 1st, 4th, 5th, 6th, 8th, and 14th Amendments" (Dkt. 1 at 8). He presents the following factual support for his claims:

> On or about June 10, 2002, John Conroy, Deputy Bailiff HCSO placed the Plaintiff in the front 2-man cage of a HCS transport bus[.] [T]he Plaintiff was at the County Courthouse being prepared to be transported back to Faulkenburg Road Jail after having attended a scheduled court hearing. Immediately after being placed in the cage by Conroy, Pamela L. Whetstone, Deputy HCSO[,] the driver of the bus, [sic] another prisoner was placed in the same cage with Plaintiff. . .
>
> Placement of the other prisoner violated [the] Sheriff's Operating Procedure (S.O.P.)[,] which forbids the action by Whetstone, as plaintiff is a "Keep Separate prisoner."
>
> When the bus neared Twiggs and Nebraski [sic] Street the other prisoners in the bus began to taunt Plaintiff, threatening him, and directed the prisoner in the cage with him to beat Plaintiff. Immediately after, the prisoner struck Plaintiff causing his head to hit the steel cage.

-4-

> Plaintiff pushed the cage door, which then opened, allowing him to leave the beating, but another prisoner grabbed Plaintiff's shirt and he heard someone yell "Stab him!" "Stab him!" In blind panic Plaintiff rushed forward and pushed through a gap in the outer door to the outside.
>
> . . . .
>
> Plaintiff contends Whetstone recklessly endangered his safety when she placed another inmate in the cage with him, despite being aware of Plaintiff's "Keep Separate" status, resulting in a beating and another injuries of Plaintiff, requiring hospital treatment.

Dkt. 1 at 9B-9C.

According to the medical bill attached to the complaint, on June 10, 2002, Plaintiff was treated in the Tampa General Hospital Emergency Room to "repair superficial wound(s)" (Dkt. 1, Ex. C at 3). *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes"). In support of his complaint, Plaintiff also filed a copy of an inmate grievance he submitted to the Hillsborough County Sheriff's Office on December 19, 2004, stating that Defendant Whetstone's "failure to follow policies caused me to be attacked and assaulted and charged by the Hillsborough County Sheriff's Office with escape. . . . by not securing me in handcuffs & leg shackles, and . . . by not secureing [sic] the bus with the proper locks" (Dkt. 1, Attach. (Unnumbered)). *See also* Dkt. 1, Ex. A, Deposition of Deputy Pamela Whetstone, Jul. 20, 2004, *State v. Wilson*, Case No. 02-CF-09443. The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Thirteenth Judicial Circuit, Hillsborough County, Florida, http://www.hillsclerk.com, viewed on July 16, 2005, stating that Plaintiff's trial in Case No. 02-CF-09443 is scheduled to commence on August 1, 2005. *See* Fed. R. Evid. 201.

In his complaint, Plaintiff alleges that he was merely trying to protect himself from other inmates when he "pushed through a gap in the outer door to the outside" and jumped from the transport bus. Plaintiff is effectively asking this Court to interfere in his ongoing state criminal proceedings. If Plaintiff prevailed on his claim in this Court, this Court would, in essence, be determining that Plaintiff was not guilty of the charges for which he has yet to be tried. Because Plaintiff's claims relate to his on-going prosecution, it is clear that the complaint is subject to *sua sponte* dismissal prior to service on the Defendants.

Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also, Hicks v. Miranda*, 422 U.S. 332, 349 (1975). The *Younger* court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
> . . .
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
> . . .
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's

> federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger*, 401 U.S. at 45-46 (citations and quotations omitted). Plaintiff has not demonstrated that he is without adequate protection in state court.

Moreover, a plaintiff "must allege and prove that the criminal proceeding that gives rise to the action has **terminated** in favor of the accused" before he seeks relief pursuant to § 1983.  *Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir. 1998)  (emphasis added) (citations omitted).  Because Plaintiff is still awaiting trial, no § 1983 claim has yet accrued with respect to the allegations contained in his complaint.

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.  Plaintiff has failed to meet this burden.

Thus Plaintiff's claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) because his Complaint fails to state a claim upon which relief can be granted at this time.

**ACCORDINGLY**, the Court **ORDERS** that:

1. The request to proceed *in forma pauperis* is  **DENIED** (Dkt. 2).

2. Petitioner's  Motion for Entry of a Written Court Order for *Pro Se* Status (Dkt. 4) is **DENIED**.

3. The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

4. The **Clerk** shall enter judgment accordingly, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 18, 2005.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Pro Se Plaintiff

SA:jsh